Curia, per

Withers, J.
In this case, as in all others that rest on the plea of the statute of limitations, the inquiry mus first be what was the cause of action, and when did that cause exist. In the present instance it is especially necessary to determine what it was that constituted cause of action by the sheriff, Cabeen, against Albright, his jailer; for if the recovery against Cabeen was the sole event upon which he had the right to sue, the statute does not bar this action — whereas, if the escape of a prisoner, when he did escape, afforded cause of action, then the statute of limitations does bar the action. We do not know how the cause of complaint was in fact set forth in the declaration, and it would be more satisfactory to know it; but according to decided cases in England and here, the breach of duty, when that breach was committed by the defendant, was a good cause of action, and we suppose was the cause set forth in the present case, though special injury might and may have been-alleged, with a view to the standard of damages.
*41 In the case of Howell vs. Young, (11 Eng. C. L. R. 219) the cause of action set forth in the declaration was the misconduct of the defendant, in character of attorney, in ascertaining the sufficiency of certain specific securities proposed to the plaintiff upon a contract of loan to a third person. It was ruled that a sufficient cause of action was set forth in such allegation, and that it was, in fact, the gist of the action; and the additional matter, also alleged, that the plaintiff had, by reason of the premises, lost the interest on his loan, constituted no part of the cause of action. The statute of limitations was made to have reference to the period of committing the misconduct. For that doctrine, as well as the immateriality of the knowledge of the act by the suffering party, and the developement of its injurious consequences, our own case of the Executors of Thomas vs. Executors of Ervin, (Cheves, 22,) is sufficient warrant.
The doctrine is thus laid down by Mr. Greenleaf, in the second volume of his work on Evidence, sec. 483: “ and in actions for official or professional negligence, the cause of action is founded on the breach of duty which actually injured the plaintiff, and not on the consequential damage.”
It is not perceived how the principle shall be less applicable in the relation of sheriff and jailer, where official fidelity is due to the sheriff, than in the case of a third person against the sheriff, where the like official fidelity is due from the sheriff. ■ Nor does it appear that any difference can arise whether the obligation grows out of contract express or that implied.
We think the statute of limitations barred the action in the present case; and the motion is, therefore, dismissed.
O’Neall, Wardlaw and Frost, JJ., concurred.

Motion dismissed.